OPINION AND ORDER
This appeal decides whether joint custody of a child after divorce with equal periods of physical custody by each parent violates Hopi custom or tradition.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant Barbara Polingyouma and Ap-pellee Vernon Laban are both members of the Hopi Tribe. They were married in Flagstaff in 1988, shortly after the birth of their daughter, Chelsey. They returned to Hopi in late 1991 or early 1992 and lived in Kykotsmovi in a residence belonging to Appellee’s parents. Chelsey began attending Hopi Day School. She was six years old when this action commenced.
In May 1994, Appellee filed for divorce and requested sole custody of Chelsey. Appellant responded to the petition on July 15 and also sought sole custody. Ap-pellee filed a Motion for the Appointment of a Social Services Evaluator to conduct a family home study/custody evaluation. The court ordered the Hopi Tribal Social services Program to complete the study by October 27, 1994. The Hopi Social services consultant was unable to elicit Appellant’s cooperation in conducting the home study. As a result, its report contained only information on Appellee.
The hearing on the divorce was held. October 27 in the absence of Appellee, whose attorney had requested a continuance. Appellant opposed the continuance on the matter of the divorce, but agreed to postpone the consideration of child custody. Appellee’s request for continuance was denied and the hearing proceeded on the dissolution of the marriage, on November 1, the trial court granted the divorce and awarded appellant temporary child support payments (without explicitly awarding temporary child custody) pending a child custody hearing scheduled for January 12, 1995.
Hopi Social Services submitted a final custody recommendation to the court on December 12, 1994 without having met with Appellant. The social Services consultant recommended that Appellee receive full custody of Chelsey and that Appellant receive weekend visitations and phone calls. Nevertheless, Appellee sought joint custody rather than full custody when the trial finally began on May 1, 1995. Appellee, having returned to Flagstaff, requested a joint custody arrangement giving him physical custody of Chelsey during the school year and giving Appellant physical custody during the summers, but also expressed his willingness to return to Hopi if the court determined that to be in Chelsey’s best interests. Appellant sought practically the reverse. She wanted primary physical custody of Chelsey with visitation to Ap-pellee two weekends per month plus holidays, school vacation periods and special occasions.
After three days of testimony concluding on June 29, the trial court found both parents fit and ordered joint custody of Chelsey with alternating six month periods of physical custody during which the noncustodial parent would have visitation rights every other weekend. Appellee was given the first period of physical custody of Chelsey, from July 1, 1995 through January 1,1996.
Appellant filed a Motion for Stay of Execution of the custody order and Notice of Appeal on July 18, 1995. Appellee responded to the motion and Appellant moved to strike the response.
*276 Oral arguments were held March 28, 1995 before Chief Justice Sekaguaptewa and Justice Abbey.

ISSUES PRESENTED ON APPEAL

Essentially, appellant argues that the trial court erred in not giving sufficient consideration to custom in rendering the child custody order. Specifically, she claims that the trial court failed to consider custom at all and therefore erred as a matter of law. In addition, she pleads customary law directly to the Appellate Court. Under Appellant’s view of custom this court should recognize a presumption of physical custody with the mother because a Hopi child belongs to the mother’s clan and the mother’s family has special customary duties relating to the child’s religious and ceremonial upbringing.
Finally, she argues that the trial court applied Arizona law incorrectly by devising a joint physical custody arrangement that is not in the best interests of the child.

STANDARD OF REVIEW

Errors of law as well as any decisions made by the trial court as to definition or use of custom, culture or tradition are reviewed de novo. Hopi Indian Credit Association v. Thomas, CIV-020-S4, AP-001-84.

DISCUSSION

I. THE TRIAL COURT CONSIDERED CUSTOM
Appellant’s first claim, that the trial court failed to consider custom, must fail. The trial court’s custody order, D-013-94, states explicitly that it considered custom. In the very first sentence the trial court acknowledges “having taken into consideration Hopi tradition and custom.” Thus, Appellant’s claim that the trial court failed to consider custom altogether is refuted by the record.
II. PLEADING CUSTOM
Even though the Appellant cannot show here that the trial court failed to consider custom, she pleads custom directly to this Court. Appellant’s implicit claim is that the trial court applied customary law improperly if it applied it at all. We would require a trial transcript in order to determine whether custom was propounded at trial and whether it was properly considered. However, Appellant has not supplied a transcript with this appeal. Consequently, the record here is devoid of evidence of custom, except for appellant’s assertions on appeal.
While this Court may take judicial notice of custom, the legal interpretation of custom should be resolved at the trial court level. Id. Hopi Indian credit Association explains the process for introducing custom at trial.[1] A party who intends to raise an issue of unwritten custom, tradition or culture must give notice to the trial court and to the other party. Id. In addition, the party seeking to introduce custom into the legal resolution must plead custom with sufficient evidence so as to establish the existence of the custom and show how it is relevant to the issue before the court. Id.
Lacking a trial transcript, we proceed cautiously here. While we cannot analyze the introduction of custom at the trial level under the Hopi Indian Credit Association *277 standards, we may still take judicial notice of custom.
III. HOPI CUSTOM AND CHIL-DREARING
This Court is prepared to take judicial notice of three aspects of Hopi custom concerning children. Under traditional Hopi practice, a child is bom into her mother’s clan, lives with the mother’s household and receives ceremonial training jfrom the mother’s household.
IV. CONSISTENCY OF THE CUSTODY ORDER WITH CUSTOM
The existence of custom relating to a child’s involvement with the mother’s household does not end the inquiry here. The traditional practice needs to be tested for relevancy to this particular dispute over physical custody in the context of modern Hopi life. Here we hold that the customs we judicially notice today are relevant to child custody arrangements because they impose specific requirements for the child’s presence in the mother’s household.
However, the relevance of custom does not necessarily invalidate the custody arrangements ordered by the trial court, Appellant’s entire argument is based on the presumption that Chelsey would reside in Flagstaff during the period of her father’s physical custody. The trial court order clearly requires that both parents assure that Chelsey remain enrolled at Hopi Day School, requiring her physical presence at Hopi for the entire academic year and minimizing the type of disruption to Chelsey’s life that Appellant purportedly seeks to avoid with this appeal. Furthermore, the oral arguments and Appel-lee’s answering brief confirm Appellee’s willingness to relocate to Hopi if the Court finds that to be in Chelsey’s best interests. No evidence in the record suggests that the trial court order conflicts with the custom as we have recognized it above.
V. STATE LAW CLAIMS NEED NOT BE CONSIDERED
We need not reach Appellant’s remaining claim that the trial court misinterpreted Arizona law by allowing “divided” physical custody because state law does not control here. Under Tribe v. Mahkewa, AP-003-93 (1996), “The Trial Court [has] discretion to apply federal law, state law, a combination of both, or neither . .. Under Resolution H-12-76, federal and state law- are persuasive, not mandatory, authorities.”

ORDER OF THE COURT

The trial court order with respect to its award of joint custody to Appellant and Appellee is AFFIRMED. The question of whether the alternating six-month periods of physical custody violates custom is REMANDED to the trial court for proceedings consistent with this opinion.
The trial court may consider evidence of custom such as a ceremonial calendar submitted by the mother or mother’s elan designee in order to determine if the physical custody arrangement is consistent with customary duties. The trial court, in its discretion, may modify the order with respect to the physical custody arrangements to accommodate legitimate customary obligations sufficiently substantiated.

. The Hopi Indian Credit Association requirements for pleading custom were established subsequent to the trial underlying this appeal. We apply them retrospectively nevertheless because this is the only reasoned and fair way to resolve claims currently on appeal involving issues of custom.